# IN THE CIRCUIT COURT FOR HAWKINS COUNTY, TENNESSEE

Chris and Linda Schmitz, on behalf of
themselves and their minor children

v.                                    Case No: 08CV0084 (TJW)

Allstate Insurance Company

**JURY DEMAND**

## COMPLAINT

Comes now the Plaintiffs, Chris and Linda Schmitz, by and through counsel and file this Complaint against the Defendant for their actions laid out in detail below:

### JURISDICTION AND VENUE

1. Chris and Linda Schmitz and their minor children are citizens and resident of Mooresburg, Hawkins County, Tennessee.

2. Allstate Insurance Company is a foreign corporation, registered to do business in the State of Tennessee which is headquartered in Northbrook, Illinois.

3. Allstate Insurance offers auto, home, life, business and farm insurance protection and banking services in many states, including Tennessee.

4. Allstate Insurance offered insurance coverage on the home of Plaintiffs in Hawkins County, Tennessee as more fully described in this Complaint.

5. All of the facts which give rise to this cause of action arose in Hawkins County, Tennessee.

### FACTUAL ALLEGATIONS

6. At some point prior to January, 2007, Plaintiffs purchased a home owner insurance policy from Allstate Insurance Company. (Plaintiffs do not personally have a copy of this policy, however a copy of this policy is in the possession of the Defendant)

7. Plaintiffs purchased the policy through their agent, Mr. Almond Lawson.

8. Mr. Lawson's office at that time was in Greene County, Tennessee.

9. The policy covered real property located at 248 Carpenter Road, Mooresburg, TN, 37811 (hereinafter "covered property").

10. The covered property was located in Hawkins County, Tennessee.

11. Plaintiffs had made all appropriate payments on the policy prior to January 20, 2007 and also June 10, 2007.

12. The insurance policy in question was in effect on January 20, 2007 and June 10, 2007.

13. On January 20, 2007, the property in question was damaged and/or destroyed by a fire.

14. Plaintiffs and their minor children lost almost all of their personal property as a result of this fire.

15. More damage occurred as a result of a water/ sprinkler malfunction on June 10, 2007.

16. No person has ever been charged by any law enforcement agency for the intentional burning of the house in question.

17. After the fire, Plaintiffs filed a claim under the insurance policy for the loss.

18. The insurance policy was required to pay for damages to the property caused by fire.

19. The insurance policy was required to pay for loss of personal property caused by fire.

20. Defendant Allstate Insurance Company launched an "investigation" into the fire.

21. Plaintiff assisted in the investigation as required by their insurance policy.

2

22. Defendant investigated the claim until approximately January, 2008.

23. While investigating the claim, Defendant forced Plaintiff to take steps which were unreasonable in hopes they would simply give up on the claim.

24. Defendant, while investigating the claim, steered the investigation, twisted witness and party statements, and manipulated evidence in an attempt to portray Plaintiff as a person who may have started the fire in question.

25. Defendant conducted an investigation; however they never intended to pay the claim.

26. Defendant uncovered no facts which show that Plaintiff started the fire themselves.

27. Defendant, during the course of the investigation made certain promises to Plaintiff regarding the rebuilding or replacement of their home and replacement of their property.

28. These promises were made in order to "string Plaintiff along" until they could manufacture evidence which they felt could possibly warrant a denial of the claim.

29. No evidence warrants a denial of the claim.

30. Defendant uncovered no facts which tend to show that someone at Plaintiff's direction started the fire.

31. Defendant uncovered no facts which tend to show that Plaintiff started the fire.

32. Defendant uncovered no facts which tend to show that Plaintiffs started the fire.

33. Defendant uncovered no facts which tend to show that someone at Plaintiffs direction started the fire.

34. At the time Defendant was conducting the investigation, Plaintiff was in a weakened emotional state because of a recent illness of one their children.

35. While conducting the investigation, Defendant attempted to take advantage of her weakened emotional state by harassing Plaintiff needlessly.

36. Defendant's goal in harassing Plaintiff was so they would take no legal recourse against Defendant.

37. By correspondence dated January 10, 2008, Defendant denied the claim of the Plaintiff. (See attached Exhibit A)

38. Defendant claimed "Allstate has determined that you, or someone at your direction intentionally set the fire and intentionally damaged the sprinkler head, and there have been material misrepresentations, concealment, and fraud by you about both claims" (Exhibit A).

39. Defendants further claimed that the damage was caused "by or at the direction of any "insured"; and with the intent to cause a loss" (Exhibit D)

40. No factual basis exists warranting a denial of the claim.

41. Plaintiff did not intentionally cause the fire that destroyed the "covered property."

42. Plaintiff did not direct any person to intentionally cause the fire that destroyed the home

43. Plaintiff did not cause the damage to the home with the intent to cause a loss.

44. Plaintiff did not direct any person to intentionally cause the damage to the home with the intent to cause a loss.

45. Plaintiff did not conceal or misrepresent a material fact concerning the home as stated in Defendant's January 10, 2008 correspondence.

46. Plaintiffs did not intentionally cause the fire that destroyed the home.

## CAUSES OF ACTION

## COUNT I- BREACH OF CONTRACT

47. Paragraphs 1 to 46 are hereby re-alleged as if they were fully restated herein.

48. Plaintiff and Defendant had entered into a valid contract for insurance.

49. Under the contract, Defendant was required to pay for losses due to fire at the covered property.

50. Plaintiff suffered losses due to fire at the covered property.

51. Defendant refused to pay for these losses as the contract required.

## COUNT II- TENNESSEE CONSUMER PROTECTION ACT

52. Paragraphs 1 to 51 are hereby re-alleged as if they were fully restated herein.

53. Plaintiff brings this Count under the Tennessee Consumer Protection Act (hereinafter the "Act"), T.C.A. §§ 47-18-101 *et seq*.

54. Plaintiff is a consumer, natural persons, or individual and thus is a "person" under T.C.A. § 47-18-109 (3).

55. Defendant is a "corporation" or "other legal or commercial entity however organized" and thus is a "person" under the T.C.A. §47-18-103 (9).

56. Defendant engaged in trade or commerce as defined by T.C.A. § 47-18-109 (11).

57. The providing of insurance under a valid insurance policy in exchange for payment of premiums constitutes trade or commerce under the Act.

58. The contract provides that damage for fire loss would be covered absent certain exceptions.

59. Defendant continued to "string Plaintiff along" in the belief that they were going to repair or replace her home while having no intention of paying the claim whatsoever.

60. Defendant refused to pay the claim until Defendant felt that they had manufactured enough evidence to potentially the claim.

61. Defendant refused to pay the claim until Defendant felt they were in a position to keep Plaintiff from seeking legal redress for their improper denial.

62. None of the exceptions to coverage under this insurance policy apply.

63. Defendant has attempted to invent an exception to avoid paying a valid claim under a valid insurance policy.

64. Defendant harassed Plaintiff during the course of their investigation into the claim in hopes that she would not pursue further action on their wrongful denial.

65. Defendant was negligent in the manner it handled the investigation leading to the wrongful denial of the claim.

66. Defendant, either intentionally or negligently, refused to investigate this matter fully and as a result the claim was wrongfully denied.

67. Defendant turned a "blind eye" to the truth in this matter so that they may deny the claim.

68. Defendant based their decision to deny the claim on nothing more than wild speculation.

69. Defendant denied the claim in hopes that Plaintiff would not take any further legal action against them.

70. Defendant has refused to identify their alleged "factual bases" for the denial of the claim in hopes that no legal action would be taken against them. In reality, no such factual bases exist.

71. Defendant has denied the claim in an attempt to "play the numbers" that the Plaintiff will either give up, or wear down so that the case may be settled for a lesser amount that Plaintiff is entitled to.

72. Defendant has denied a valid claim with knowledge that no valid reason exists to deny said policy.

73. Defendants' acts or practices listed above were unfair and/ or deceptive and as such violate the Consumer Protection Act. Tucker v. Sierra Builders, 180 S.W. 3d 109, (Tenn Ct. App. 2005)

74. Defendants committed or engaged in unfair or deceptive acts or practices affecting the conduct of any trade or commerce and constituted unlawful acts or practices in violation of T.C.A. §47-18-104(a).

75. Defendant has engaged in a pattern of the above listed activities in their dealings with home owners over the United States thereby warranting an award of punitive damages.

76. Separately, Defendants' acts or practices violated particular subsections of T.C.A. §47-18-104(b), namely: "Without limiting the scope of subsection (a), the following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:"

A. (b)(12) – "Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law."

B. (b)(27) – "Engaging in any other act or practice which is deceptive to the consumer or to any other person."

C. (b)(5) – "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have."

D. (b)(7) - "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;"

E. (b)(9) – "Advertising goods or services with intent not to sell them as advertised"

F. (b) (19) – "Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve;"

G. (b) (21) – "Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services;"

H. (b) (27) - Engaging in any other act or practice which is deceptive to the consumer or to any other person;

77. Pursuant to T.C.A. §47-18-112, the Consumer Protection Act's remedies are cumulative and supplemental to all other existing remedies. Invoking it does not prohibit or exclude using another remedy.

78. The exemptions from the Consumer Protection Act are set forth at T.C.A. §47-18-111.

79. Defendants activities do not fit or meet any of the exemptions specified under T.C.A. §47-18-111.

80. Plaintiff brings this Count under T.C.A. §47-18-109. She suffered an ascertainable loss of money, property or thing of value as a result of Defendants' use or employment of an unfair or deceptive act or practice prohibited by the Consumer Protection Act or in violation of the T.C.A. §47-18-104 (a) and (b), as set forth above.

81. Plaintiffs bring this action to recover damages permitted by the Consumer Protection Act.

82. Defendants' unfair or deceptive acts or practices were willful or knowing and Plaintiff is entitled to treble damages under T.C.A. §47-18-109.

83. The acts and practices of Insurance companies, such as Defendant, are not outside the scope of the Tennessee Consumer Protection Act. Myint v. Allstate, 970 S.W. 2d 920, 926 (Tenn 1998).

84. Insurance companies will be held liable under the act if their conduct in handling, investigating, or denying claims is unfair or deceptive. Myint at 927.

85. Insurance companies will be held liable if their claims handling procedures are unfair or deceptive pursuant to the act. Sparks v. Allstate Ins. Co. 98 F.Supp.2d 933, 938 (W.D. Tenn., 2000).

86. As a result of Defendant's violation of the Tennessee Consumer Protection Act, Plaintiff suffered losses.

## COUNT III- DEFAMATION

87. Paragraphs 1 to 86 are hereby re-alleged as if they were fully restated herein.

88. By falsely alleging fraud on the part of the Plaintiff, Defendant has published a defamatory statement either willfully or with reckless disregard for its truth.

89. As a result of the Defendants' defamation, Plaintiff has suffered damages.

## COUNT IV- NEGLIGENCE

90. Paragraphs 1 to 89 are hereby re-alleged as if they were fully restated herein.

91. Defendant owed Plaintiff a duty to investigate the claim properly before determining that they were not responsible its payment.

92. Defendant by accepting the premium payments on the insurance policy, further owed Plaintiff a duty to pay valid claims.

93. Defendant breached this duty by failing to investigate properly and failing to pay a valid claim.

94. Defendant's failure to investigate properly and/or in conducting a goal oriented investigation was willful and/or reckless.

95. As a result of Defendant's breach, Plaintiff has suffered damages.

## COUNT V- UNJUST ENRICHMENT

96. Paragraphs 1 to 95 are hereby re-alleged as if they were fully restated herein.

97. Defendant accepted premium payments on the part of the Plaintiff in exchange for insurance coverage to be paid for loss due to fire.

98. Defendant accepted the premium payments and refused to provide the insurance coverage.

99. As a result, Plaintiff has suffered damages.

## WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. For a jury of 12 to consider this action

2. Plaintiff be granted a judgment against the Defendant for the sum of money to be determined by the Jury to be sufficient to compensate her for the damages complained of herein.

3. Plaintiff be awarded reasonable attorney fees pursuant to the Tennessee Consumer Protection Act (T.C.A. § 47-18-101 et seq.) and the Tennessee Bad Faith Refusal to Pay (T.C.A. § 56-7-105.

4. Defendant be taxed with the costs of this civil action.

5. Defendant pay treble damages under the Tennessee Consumer Protection Act. (T.C.A. § 47-18-101 et seq.)

6. Defendant be made to pay punitive damages.

7. Plaintiff recover both Pre and Post Judgment Interest

8. All other damages allowed under Tennessee law.

9. Discretionary costs as authorized by the Rules or law

10. Further and general relief as justice may require.

Respectfully Submitted,

**HIGGINS, HIMMELBERG & PILIPONIS**

Jonathan A. Street, #21712
Attorney for the Plaintiff
116 Third Avenue South
Nashville, Tennessee 37201
(615) 353-0930



**STATE OF TENNESSEE**
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

March 06, 2008

Allstate Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 19232

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2760 0002 9874 4376
Cashier # 1950

Re: Chris & Linda Schmitz  V.  Allstate Insurance Company

Docket # 08Cv0084

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on March 03, 2008 by Chris & Linda Schmitz pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Hawkins County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Hawkins County
    100 East Main Street, Room 203
    Rogersville, Tn 37857

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
03/11/2008
CT Log Number 513160007



TO: Kim Turner
Allstate Insurance Company - Nashville MCO
555 Marriott Drive, Suite 650
Nashville, TN 37214

RE: **Process Served in Tennessee**

FOR: ALLSTATE INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Chris and Linda Schmitz, on behalf of themselves and their minor children, Ptfs. vs. Allstate Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Return, Complaint |
| COURT/AGENCY: | Hawkins County Circuit Court, TN<br>Case # 08CV0084 |
| NATURE OF ACTION: | Insurance Litigation - Summons & Complaint - Policy benefits claimed for property damage due to a fire - 01/20/07 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 03/11/2008 postmarked on 03/07/2008 |
| APPEARANCE OR ANSWER DUE: | Within 30 days from the date this summons is served upon you |
| ATTORNEY(S) / SENDER(S): | Jonathan A. Street<br>118 Third Avenue South<br>Nashville, TN 37201<br>615-353-0930 |
| REMARKS: | Process served/received by the Insurance Commissioner on 03/03/08, and mailed to CT Corporation System on 03/11/08. |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 798693283077<br>Email Notification, Patti Garli pgarq@allstate.com |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>800 S. Gay Street<br>Suite 0221<br>Knoxville, TN 37929-9710 |
| TELEPHONE: | 865-342-3522 |

**RECEIVED**
MAR 13 2008

Page 1 of 1 / BC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.